IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD EUGENE LEATHERWOOD                            PLAINTIFF

v.                          Civil No. 4:18-cv-4085

SERGEANT GRIFFIN, Miller County
Detention Center ("MCDC"); LIEUTENANT
MILLER, MCDC; and CAPTAIN ADAMS, MCDC                DEFENDANTS

## **ORDER**

Plaintiff Richard Eugene Leatherwood filed this 42 U.S.C. § 1983 action *pro se* on May 22, 2018. (ECF No. 1). Currently before the Court is Plaintiff's failure to comply with two Court orders.

On May 24, 2018, the Court entered an order directing Plaintiff to file an Amended Complaint on or before June 14, 2018. (ECF No. 7).[1] The order stated that this case would be subject to dismissal if Plaintiff failed to comply with the Court's order. Plaintiff did not respond to the order. On July 19, 2018, the Court issued an order to Plaintiff to show cause by August 1, 2018, as to why he failed to comply with the Court's order to file an Amended Complaint. (ECF No. 9). To date, neither of the Court's orders have been returned as undeliverable and Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state, in pertinent part, as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

---

[1] On May 30, 2018, the order was returned to the Court for insufficient postage. (ECF No. 8). That same day the Clerk resent the Order to Plaintiff but failed to note this on the docket.

monitor the progress of the case, and to prosecute or defend the action diligently
. . . If any communication from the Court to a *pro se* plaintiff is not responded to
within thirty (30) days, the case may be dismissed without prejudice. Any party
proceeding *pro se* shall be expected to be familiar with and follow the Federal
Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey two orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 7th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge